# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT INSELMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-915-G ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Plaintiff Scott Inselman filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits. *See* Compl. (Doc. No. 1). On September 28, 2018, the Court reversed and remanded the case for further administrative proceedings. *See* Opinion and Order (Doc. No. 19). Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq. See* Pl.'s Mot. (Doc. No. 21). The Commissioner opposes the motion, arguing that her position was substantially justified and, thus, Plaintiff is not entitled to fees. *See* Def.'s Resp. (Doc. No. 23).

I. *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United

States" includes not only the position taken by the government in the present civil action but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.     *Whether Plaintiff is the Prevailing Party*

The Court previously reversed the Commissioner's decision denying Plaintiff's applications for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. (Doc. No. 20) at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

*III. Whether the Government Has Shown Its Position Was Substantially Justified*

As noted, it is the Commissioner's burden to demonstrate that her position was "substantially justified" within the meaning of the EAJA. *Hackett*, 475 F.3d at 1172. The standard is ultimately "one of reasonableness in law and fact" and is satisfied where "there is a 'genuine dispute,' or 'if reasonable people could differ as to [the appropriateness of the contested action].'" *Hackett*, 475 F.3d at 1172; *Underwood*, 487 U.S. at 565. Notably, "[t]he government's 'position can be [substantially] justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Underwood*, 487 U.S. at 566 n. 2). Thus, a decision adverse to the government does not compel a conclusion "that the government's efforts to defend that decision lacked substantial justification." *Madron v. Astrue*, 646 F.3d 1255, 1258 (10th Cir. 2011).

In its remand order, the Court held that the administrative law judge ("ALJ") erred in assessing Plaintiff's residual functional capacity ("RFC"): (1) by rejecting the sitting and stand-and-walk restrictions in the medical source statement ("MSS") prepared by Plaintiff's treating physician, Dr. Elizabeth Kinzie; and (2) by failing to identify medical evidence to support his finding that Plaintiff was capable of sitting for at least six hours per day. *See* Opinion and Order (Doc. No. 19), pp. 9-12.

With respect to the first point of error—the ALJ's rejection of the restrictions identified by Dr. Kinzie—the Court's decision was predicated on the rule that an ALJ may not reject the opinion of a treating physician within providing "specific, legitimate reasons for doing so." *Id.* at 9, 11 (citation and quotation marks omitted). The Commissioner argues that the ALJ's reasons for rejecting the restrictions were implicitly based on other

3

medical evidence mentioned throughout his written decision, though not cited explicitly as a basis for rejecting the restrictions. *See* Doc. No. 23, pp. 5-6. Such discussion was not in this instance an adequate substitute for the required explanation of reasons for rejecting Dr. Kinzie's treating physician opinion. *See, e.g.,* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) ("an ALJ must 'give good reasons in [the] notice of determination or decision' for the weight assigned to a treating physician's opinion") (citation omitted); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[T]he ALJ . . . must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."); *see also Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (ALJ's explanation must be "apparent from the ALJ's decision itself").

With respect to the second point of error—the ALJ's failure to identify medical evidence to support his finding regarding Plaintiff's sitting capability—the Court's decision was predicated on the rule than "[a]n ALJ must support his or her findings with substantial evidence." *Id.* at 12 (citation and quotation marks omitted). The Commissioner contends that the ALJ's finding was, in fact, supported by substantial evidence scattered throughout the ALJ's written decision. The Court disagrees that the ALJ's decision, when taken as a whole, reflects evidence that would support the finding that Plaintiff was capable of sitting for at least six hours per day. *See* Doc. No. 23, pp. 5-6.

IV.     *Whether Plaintiff's Fee Request is Reasonable*

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $6,430.75, calculated as follows:

- 29.25 attorney hours for work performed in 2017, at a rate of $197.00 per hour; 1.0 attorney hours for work performed in 2018, at a rate of $201.00 per hour; and

- 4.25 paralegal hours for work performed in 2017, at a rate of 110.00 per hour.

*See* Pl.'s Ex. 1 (Doc. No. 21-1) at 1-3. Plaintiff's attorney has provided a detailed statement of the time expended on this case, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.*

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly fee requested by Plaintiff. Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided.

Plaintiff also may recover "paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Plaintiff requests an hourly rate of $110.00 for paralegal work performed in 2017. *See* Pl.'s Ex. 1, at 3. Defendant does not object to this proposed hourly rate, and the Court finds that it is consistent with or lower than the prevailing market rates in the Western District of

5

Oklahoma for these time periods. *See Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1232-33 (W.D. Okla. Mar. 27, 2017).

CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. No. 21) and awards attorney's fees under the EAJA in the amount of $6,430.75. Such fees are to be paid by the Commissioner to Scott Inselman, subject to offset for debts owed to the federal government, if any, in accordance with the United States Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel, if having received the fees awarded herein, shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

ENTERED this 17th day of December, 2018.

_____
CHARLES B. GOODWIN
United States District Judge